IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NELL CUPPS,  )
        Plaintiff,  )
)
vs.  )   Civil Action No. 10-1380
)
PITTSBURGH CARE PARTNERSHIP INC.,  )
d/b/a COMMUNITY LIFE,  )
        Defendant.  )

## MEMORANDUM OPINION

Plaintiff, Nell Cupps, brings this action against Defendant, her former employer, Pittsburgh Care Partnership, Inc., d/b/a Community Life ("PCP"), alleging that PCP's termination of her employment after she took medical leave violated her rights under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-54 (FMLA).

Currently pending before the Court is PCP's motion to dismiss. For the reasons that follow, the motion will be granted with respect to Count I but denied with respect to Count II.

Facts

Plaintiff was employed by PCP as a home care scheduler. Beginning on April 12, 2010, she was off work on a leave covered by the FMLA for gastric bypass surgery. She was scheduled to return from this leave on June 7, 2010. In late May 2010, before she returned to work, her husband, who also worked at PCP, was fired from his position. At that time, Plaintiff learned that her husband had been carrying on a sexual affair with a co-worker at PCP. (Compl. ¶¶ 8-12.)

The news of her husband's job dismissal and his affair caused her to suffer serious mental distress. In addition, she has heart disease and has had a heart attack in the past. She alleges that PCP was aware of both these issues. When she returned to work on June 7, 2010, she became

aware that her husband's infidelity had become generally known in the workplace, which added to her stress. On June 15, 2010, she received a message informing her that over the years her husband had had affairs with four other women co-workers. This further aggravated her already disturbed mental state. (Compl. ¶¶ 13-18.)

Plaintiff contacted her psychological counselor, who advised her that she remove herself from this stressful work environment to alleviate her mental distress. She then made plans to visit an uncle in Massachusetts and she requested that she be permitted to take four personal days off in July 2010 for the visit. The request was denied, and she requested three days off, but she was only permitted to take two days. During this period, her mental distress grew worse, which caused anxiety, depression and difficulty concentrating. (Compl. ¶¶ 19-25.)

Plaintiff contacted her physician's office and complained that she was suffering mentally and that her psychological counselor had recommended that she get away from work, but that her requests had been denied. Her doctor felt that her mental distress constituted a serious condition that was getting worse and that she was also still recovering from her gastric bypass surgery, so he felt an FMLA leave was necessary. On July 16, 2010, Plaintiff submitted an "Employee Request for Family Medical Leave" form to the Human Resources Department at PCP. (Compl. ¶¶ 26-28 & Ex. A.) On July 19, 2010, the Human Resources Department preliminarily approved of the request, pending receipt of an FMLA medical form. (Compl. ¶ 29 & Ex. B.)

That same day, Plaintiff's doctor submitted the FMLA form, in which he stated that "due to increased anxiety, stress, this leave was physician advised due to inability to concentrate making patient unable to perform job functions." (Compl. ¶ 30 & Ex. C.) Plaintiff's request for FMLA leave was then approved. (Compl. ¶ 31 & Ex. D.)

When she returned from her FMLA leave, Plaintiff arranged for her psychological

counselor to contact the Human Resources Department of PCP to provide information regarding Plaintiff's serious mental health issues. Plaintiff alleges that, despite PCP's knowledge of the significant stress Plaintiff was under due to her husband losing his job and her learning of his infidelities with co-workers and despite receiving the FMLA form from her physician and despite the information it learned from her psychological counselor, PCP fired her for being dishonest about her request for FMLA leave. She contends that this alleged reason was a pretext and that PCP's real reason for firing her was that she had used FMLA leave in the past and it was concerned that she might need to do so in the future. (Compl. ¶¶ 33-35.)

Procedural History

Plaintiff filed this action on October 19, 2010. Count I alleges a claim of interference with FMLA rights and Count II alleges a claim of retaliation. On December 24, 2010, Defendant filed a motion to dismiss.

Standard of Review

The Supreme Court has recently stated that:

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [Bell Atlantic Corp. v.] Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for

more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S.Ct. 1955 (brackets omitted).

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). That is to say, Rule 8(a)(2) requires "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal conduct." In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 319 n.17 (3d Cir. 2010) (quoting Twombly, 550 U.S. at 556).

The Court of Appeals has stated that:

To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.... [In addition,] a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.

Pension Benefit Guaranty Corp. v. White Consolidated Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

The FMLA was enacted in 1993 for two purposes: to "balance the demands of the workplace with the needs of families" and to "entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1-2). The Act grants to an "eligible employee," among other things, the right to twelve workweeks of leave, over any period of twelve months, "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The leave may be taken intermittently or by reduced schedule when medically necessary. 29 U.S.C. § 2612(b)(1).

The FMLA further provides that:

any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave–

> (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or

4

> (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

29 U.S.C. § 2614(a)(1). Further, employers are prohibited from discharging or otherwise discriminating against employees who take FMLA leave. 29 U.S.C. § 2615(a)(2).

The Act contains two relatively distinct types of provisions: a series of prescriptive substantive rights for eligible employees, often referred to as the "entitlement" or "interference" provisions which set floors for employer conduct, 29 U.S.C. §§ 2612, 2614(a)(1); and protection against discrimination based on the exercise of these rights, often referred to as the "discrimination" or "retaliation" provisions, 29 U.S.C. § 2615(a)(1-2); 29 C.F.R. § 825.220(c). Callison v. City of Phila., 430 F.3d 117, 119 (3d Cir. 2005). An employee may bring suit to enforce these rights pursuant to section 2617(a) of the Act. Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 141 (3d Cir. 2004).

In her complaint, Plaintiff asserted claims under both the interference and the retaliation provisions. However, in her response to the motion to dismiss, she states that "Since the Employer initially granted the FMLA request, but later retaliated when the Plaintiff took the time off, Plaintiff agrees that the FMLA interference claim may be dismissed." (ECF No. 9 at 6 n.3.)

An FMLA retaliation claim is subject to the burden-shifting framework applied to other discrimination claims (under Title VII, the ADEA and the ADA), as set forth in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). Conoshenti, 364 F.3d at 146-47. However, this shifting-burden framework is not applied when a motion to dismiss has been filed. Indeed, the Supreme Court has held that a plaintiff alleging a claim of employment discrimination need not plead "specific facts" establishing the elements of a prima facie case, as would be required in response to a motion for summary judgment or at trial. Swierkiewicz v. Sorema N.A., 534 U.S.

506, 510 (2002) (establishing a prima facie case is an "evidentiary standard, not a pleading requirement."). In Twombly, the Court cited Swierkiewicz without distinguishing it and rejected the plaintiffs' contention that it "ran counter" to Twombly's plausibility standard. 550 U.S. at 569-70.

Defendant's motion argues that, as a mandatory precedent to her FMLA claim, Plaintiff must allege and demonstrate that she was entitled to take FMLA leave, but she cannot do so because her request for leave was not based upon a "serious health condition" as she claimed, but upon her desire to take a vacation to visit her friend's brother. Plaintiff responds that she has alleged a claim for retaliation under the FMLA and that Defendant's motion draws false inferences against her.

Defendant's argument relies upon two documents that are not attached to the complaint: 1) an exchange of email messages between Plaintiff and her friend Diane Thompson dated July 7, 2010, which supposedly demonstrate that the purpose of her request to take time off was to visit Thompson's brother; and 2) a second certification of health care provider, dated earlier than the one Plaintiff attached to her complaint, which PCP determined was insufficient, allegedly demonstrating that she attempted to "manufacture" an acceptable physician's statement after her trip to support her request for FMLA leave. (ECF No. 5 Exs. 1, 5.) The Court will not consider either of these documents.

First, although Plaintiff admits that the exchange of email correspondence is authentic (ECF Nol. 9 at 5), the complaint does not "rely" upon these messages. Plaintiff explains that Thompson and her brother are her first cousins and that she was contacting them regarding her plan to visit her uncle in Massachusetts. (ECF No. 11 at 1.) More significantly, the issue to be resolved in this case is not where Plaintiff was between the dates of July 21 and July 26, 2010,

6

but whether she was requesting FMLA leave based upon a "serious health condition" and whether Defendant retaliated against her for having taken such leave.

Nor will the Court examine the second piece of evidence, the "other" certification. It was not attached to the complaint and, although the complaint relies upon a medical certification, Plaintiff alleges that the certification upon which it relies is the one attached thereto, namely the certification that stated "due to increased anxiety, stress, this leave was physician advised due to inability to concentrate making patient unable to perform job functions." (Compl. ¶ 30 & Ex. C.) Defendant cannot have it both ways: it states that it accepts Plaintiff's factual allegations as true (ECF No. 6 at 1), one of which is that she sent this physician's certification to PCP on July 19, 2010, yet it then asserts that this certification was not sent until July 29, 2010, three days after Plaintiff was terminated (ECF No. 6 at 8).

To accept Defendant's evidence for purposes of a motion to dismiss would take the Court far away from the allegations of the complaint, would require drawing factual inferences contrary to Plaintiff's allegations and against her as the non-moving party, and would essentially allow Defendant to assert its legitimate, non-discriminatory reason for terminating Plaintiff's employment (because she lied on her request to take FMLA leave) before she even has the opportunity to advance her prima facie case. Neither Twombly nor Iqbal requires the Court to handle the case in this manner and well-established case law demonstrates that such delving into the facts at this early stage of the proceedings is inappropriate. See Fowler v. UPMC Shadyside, 578 F.3d 203, 212 (3d Cir. 2009) (complaint that alleged that the plaintiff was injured at work, that there was an opening for a position that the employer never contacted her about and that the employee believed this action was based on her disability was sufficient to put employer on notice of her claim under the Rehabilitation Act). Plaintiff's complaint alleges all that is

7

necessary for her claim of FMLA retaliation.

An appropriate order follows.

Dated: January 26, 2011